## Roskop's Estate.

*G. E. Gangloff*, for petitioner.

WILHELM, P. J., February 9, 1931.—This is an application on the part of The Schuylkill Trust Company, guardian of Josephine Roskop, a minor, who is nineteen years of age, has an infant child born April 9, 1930, and whose husband was killed in an accident on the Pennsylvania Railroad, where he was employed, for an allowance for the payment of certain claims.

The entire estate of the minor consists of compensation paid by the Pennsylvania Railroad on account of the death of her husband, amounting to $2286.83, being the present commuted value of the compensation payable to her.

The petition asserts that she is in need of support and maintenance for herself and infant child, and that the ward desires to pay the funeral expenses of her deceased husband.

Testimony was taken in support of the petition, and the ward asserts that sixty dollars per month will be necessary for the support of herself and her child; that she is presently in need of clothing and that she desires that the funeral expenses of her husband be paid.

Under the ruling in Davis' Estate, 77 Pitts. L. J. 494, it appears that the funeral expenses of the husband of a ward may be paid out of the minor's estate to a reasonable amount. Considering the station in life of the minor and her infant, $350 would appear to be a reasonable amount to spend for funeral expenses. One hundred and fifty dollars of this has been paid from another source; therefore, the guardian should be allowed to pay, on account of funeral expenses, the sum of $200.

There was some testimony to the effect that clothing was purchased for the burial of the deceased husband to the amount of $90, which the minor desires shall be paid from her estate. The testimony fails to show that it was necessary to spend $90 for clothing; therefore, no allowance should be made on this account.

It also appears that $10 was expended for flowers incident to the funeral, and this expense appears to be a reasonable one and may be paid.

Another claim for boarding for the minor was the subject of testimony, but the testimony was not convincing; therefore, this item should not be allowed.

No doubt, since the filing of this petition, expenses have accumulated that ought to be met, and this will be covered in the order.

And now, February 9, 1931, it is ordered and directed that the guardian pay funeral expenses to the amount of $200; $10 for flowers procured for the funeral; $50 for clothing for the ward, and $60 per month for maintenance from December 1, 1930, to the present time and monthly thereafter.

From M. M. Burke, Shenandoah, Pa.